# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CHRISMAN,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN JERRY HOWELL,<br><br>   Respondents. | Case No. 2:19-cv-01219-KJD-GWF<br><br>**ORDER** |

  Petitioner, represented by retained counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court has detected a conflict of interest, which petitioner will need to address before the action can proceed further.

**Background**

  Petitioner was arrested for driving under the influence. He was charged with felony driving under the influence because he had a prior conviction for felony driving under the influence resulting in death. The jury found petitioner guilty of felony driving under the influence. Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner's petitions for rehearing and en banc reconsideration were not successful. Chrisman v. State, No. 75581.[1]

  Petitioner then commenced this action. He has not filed a post-conviction habeas corpus

---
[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45819 (report generated July 29, 2019).

petition in the state district court.

**Discussion**

As a preliminary matter, it appears that the relevant statutes of limitation have not expired. The Nevada Supreme Court affirmed the judgment of conviction on March 29, 2019, amended its order and denied rehearing on May 31, 2019, and denied en banc reconsideration on July 5, 2019. The remittitur should issue on or around July 30, 2019. See Nev. R. App. P. 41(a)(1) (remittitur to issue 25 days after entry of judgment). Petitioner then will have one year to file a post-conviction habeas corpus petition in the state district court. Nev. Rev. Stat. § 34.726(1). That deadline would be on or around July 30, 2020.[2]

Petitioner's time to file a petition for a writ of certiorari with the Supreme Court of the United States will expire on Monday, October 28, 2019, considering that the deadline otherwise would have fallen on a Sunday. Sup. Ct. R. 13(1), (3) (ninety-day period to file certiorari petition runs from denial of rehearing. The one-year period to file a federal habeas corpus then will expire on October 28, 2020. 28 U.S.C. § 2244(d)(1)(A).[3]

Petitioner has not raised any claims of ineffective assistance of counsel. However, retained counsel, who represented petitioner both at trial and on direct appeal, would appear to have a conflict of interest in considering and presenting such claims. By seeking federal habeas corpus relief, counsel place themselves in the position of possibly reviewing their performances as trial and appellate counsel to determine whether claims of ineffective assistance of counsel also should be exhausted and raised--in petitioner's likely only opportunity for federal habeas corpus review. See 28 U.S.C. § 2244(b) (restricting second or successive petitions). Counsel who had not represented petitioner in the prior proceedings would conduct such a review wholly free of any such conflict arising in connection with reviewing their own performances in prior

---

[2] Petitioner should not construe this court's calculations as a guarantee. Petitioner always remains responsible for timely filing of post-conviction petitions, whether in state court or in federal court.

[3] For this calculation, the court assumes that petitioner does not file a certiorari petition. If he does, and if the Supreme Court denies certiorari, then the one-year period starts with the denial of the petition. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). The court also assumes that petitioner does not file a post-conviction habeas corpus petition in state district court. The federal one-year period is tolled while a properly filed state petition is pending in the state courts. 28 U.S.C. § 2244(d)(2). Again, petitioner always remains responsible for timely filing of post-conviction petitions.

proceedings.

The court is aware that counsel is retained rather than appointed. However, the better course is to confirm at the outset of this action that the conflict has been addressed, including possibly by a knowing, intelligent, and voluntary waiver of the conflict. Cf. Wheat v. United States, 486 U.S. 153, 160-63 (1988) (the court had authority in a federal criminal case to address the potential for conflict arising in the context of multiple representation even in circumstances where the accused had a Sixth Amendment right to counsel of choice, given the potential impact of the issue as to later proceedings).

At a minimum, to demonstrate a knowing, intelligent and voluntary waiver of the conflict, petitioner would have to establish in a proper person declaration under penalty of perjury that: (a) he has been advised by conflict-free counsel regarding his options; (b) he understands that if he fails to timely raise claims of ineffective assistance of trial or appellate counsel and/or other claims in state court prior to July 30, 2020, and federal court prior to October 28, 2020, then he likely will be barred thereafter from pursuing any such claims; (c) he further understands in addition that if he pursues the present federal petition through to a decision on the merits without raising claims of ineffective assistance of trial or appellate counsel and/or other claims, he likely will be barred thereafter from pursuing such claims; (d) current federal habeas counsel has a conflict of interest both in advising him with respect to possible claims of ineffective assistance of trial or appellate counsel and in pursuing such claims in this proceeding; and (e) petitioner, having been fully advised of his rights, his potential claims, and current counsel's conflict of interest, has waived the conflict of interest and elected to pursue the federal petition through current counsel, aware that as a result he likely thereafter will be barred from pursuing any possible claims of ineffective assistance of trial or appellate counsel and/or other unraised claims.

IT THEREFORE IS ORDERED that, so that respondents also potentially may respond in connection with the issue noted herein, the Clerk of Court shall effect informal electronic service on the state attorney general in the customary manner and shall regenerate notices of electronic filing to her office of all prior filings herein. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order.

///

IT IS FURTHER ORDERED that, within twenty-eight (28) days of entry of this order, petitioner shall file a response addressing the conflict issue noted herein, including, if and as applicable, a waiver of conflict as described herein.

DATED: July 31, 2019

_____
KENT J. DAWSON
United States District Judge

4