8  UNITED STATES DISTRICT COURT

9  DISTRICT OF NEVADA

10

11  MICHAEL CHRISMAN,                         Case No. 2:19-cv-01219-KJD-GWF

12             Petitioner,                   **ORDER**

13       v.

14  WARDEN JERRY HOWELL,

15             Respondents.

16

17      Previously, the court noted a conflict of interest between petitioner and his retained

18  attorneys. ECF No. 3. Petitioner has filed a response, which has satisfied the court's conditions

19  for an informed waiver of the conflict of interest. ECF No. 8. Good cause appearing;

20      IT FURTHER IS ORDERED that respondents shall file a response to the petition,

21  including potentially by motion to dismiss, within sixty (60) days of entry of this order, and that

22  petitioner may file a reply within thirty (30) days of service of an answer. The response and reply

23  time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be

24  governed instead by Local Rule LR 7-2(b).

25      IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the

26  counseled petition shall be raised together in a single consolidated motion to dismiss. In other

27  words, the court does not wish to address any procedural defenses raised herein either in serial

28  fashion in multiple successive motions to dismiss or embedded in the answer. Procedural

defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED:  9/13/2019

_____
KENT J. DAWSON
United States District Judge