# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL CHRISMAN,

        Petitioner,

   v.

WARDEN JERRY HOWELL,

        Respondents.

Case No. 2:19-cv-01219-KJD-EJY

**ORDER**

     This is a counseled habeas corpus action under 28 U.S.C. § 2254. Currently before the court are the petition for a writ of habeas corpus (ECF No. 1), respondents' motion to dismiss (ECF No. 15), petitioner's opposition (ECF No. 26), and respondents' reply (ECF No. 29). Respondents argue that ground 1 is only a claim of error of state law. The court disagrees, and the court denies the motion to dismiss.

     After a jury trial, petitioner Michael Chrisman was convicted of felony driving under the influence. Ex. 43 (ECF No. 24-3). Chrisman appealed, and the Nevada Supreme Court affirmed. Ex. 71 (ECF No. 25-7). Chrisman then commenced this action without pursuing post-conviction relief in the state courts.

     Errors of state law are not addressable in federal habeas corpus. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011), Estelle v. McGuire, 502 U.S. 62, 67 (1991), Lewis v. Jeffers, 497 U.S. 764, 780 (1990), Pulley v. Harris, 465 U.S. 37, 41 (1984).

1

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979) (citing In re Winship, 397 U.S. 358 (1970)).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original).  "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16.

Ground 1 is a claim that insufficient evidence exists to support the verdict of guilty because the prosecution did not prove beyond a reasonable doubt the element that Chrisman's driving under the influence occurred on a highway.  The prosecution charged that Chrisman was driving under the influence of alcohol "on a highway, or on premises to which the public has access, to wit:  Warm Springs Road and Cimarron Road, Las Vegas, Clark County, Nevada." Ex. 35 (ECF No. 23-3 at 4) (jury instruction 3).  "'Highway' means the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to the use of the public for purposes of vehicular traffic, whether or not the public authority is maintaining the way." Id. (ECF No. 23-3 at 7) (jury instruction 6).  The instructions did not define a "public authority," but "'public authority' means the Department of Transportation or the local authority having jurisdiction to enact laws or ordinances or adopt regulations relating to traffic over a highway." Nev. Rev. Stat. § 484A.195.  The instructions also did not define "premises to which the public has access."  The parties and the trial court agreed that it was unnecessary.  Nonetheless, the definition is:

> 1. "Premises to which the public has access" means property in private or public ownership onto which members of the public regularly enter, are reasonably likely to enter, or are invited or permitted to enter as invitees or licensees, whether or not access to the property by some members of the public is restricted or controlled by a person or a device.
>
> 2. The term includes, but is not limited to:
>
> (a) A parking deck, parking garage or other parking structure.
>
> (b) A paved or unpaved parking lot or other paved or unpaved area where vehicles are parked or are reasonably likely to be parked.

2

     (c) A way that provides access to or is appurtenant to:

     (1) A place of business;

     (2) A governmental building;

     (3) An apartment building;

     (4) A mobile home park;

     (5) A residential area or residential community which is gated or enclosed or the access to which is restricted or controlled by a person or a device; or

     (6) Any other similar area, community, building or structure.

3. The term does not include:

     (a) A private way on a farm.

     (b) The driveway of an individual dwelling.

Nev. Rev. Stat. § 484A.185. On direct appeal, the Nevada Supreme Court held:

> Chrisman argues that the State failed to prove that he was stopped on a "highway" under NRS 484C.110 because the state presented no evidence that the road in question was "dedicated to a public authority." NRS 484A.095. Evidence is sufficient to support a verdict if "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Higgs v. State</u>, 126 Nev. 1, 11, 222 P.3d 648, 654 (2010) (internal quotations omitted). NRS 484C.110(1)(c) states the following:
>
>> It is unlawful for any person who
>>
>> Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his or her blood or breath,
>>
>> to drive or be in actual physical control of a vehicle on a highway <u>or</u> on premises to which the public has access.
>
> (Emphasis added). NRS 173.075(2) authorizes disjunctive pleading and, where "a single offense may be committed by one or more specified means, and those means are charged alternatively, the state need only prove one of the alternative means in order to sustain a conviction.["] <u>State v. Kirkpatrick</u>, 94 Nev. 628, 630, 584 P.2d 670, 671-72 (1978).
>
> Here, after the State completed its case in chief, Chrisman moved to dismiss the case because the State did not prove the definition of "highway," one of the elements of the offense, as the State did not prove that Warm Spring Road was "dedicated to a public authority." We conclude that because the State charged Chrisman in the alternative, the State only needed to prove that he drove under the influence on a highway or on premises to which the public had access. The officer testified that he routinely patrols Warm Springs Road, and he would not need to do so if it were not a road on which the public regularly travels. The district court also found that Warm

> Springs Road is commonly known as a public road. Therefore, we hold that any rational trier of fact could conclude that Chrisman drove under the influence on a road to which the public has access and there was sufficient evidence to convict Chrisman under NRS 484C.110.

Ex. 71 at 7-8 (ECF No. 25-7 at 8-9), amended by Ex. 73 at 1 (ECF No. 25-9 at 2).

Respondents do not persuade the court that ground 1 solely is a claim of state law. They argue that Chrisman does not identify any clearly established federal law defining "highway" or "dedicated to a public authority." They also argue that Chrisman does not identify the federal law "that identifies the evidence sufficient to prove those phrases." ECF No. 15 at 5. However, Chrisman uses the state statutory definitions of those phrases, and a Nevada Supreme Court decision, Lee v. State, 997 P.2d 138 (Nev. 2000), which applied those definitions to a road built by a mining company on land owned by the Bureau of Land Management, because that is what federal law requires. The standard for evaluating whether the evidence was sufficient "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16. In that same footnote, the Supreme Court noted that the standard was not an intrusion "upon the power of the States to define criminal offenses." Id. Although the Nevada Supreme Court did not cite Jackson in its decision, it applied the Jackson standard. Moreover, Chrisman specifically presented the claim as a question of constitutional law. Ex. 66 at 27 (ECF No. 25-2 at 34). The court cannot say that Chrisman is presenting a claim solely of state law when Chrisman is trying to apply a standard of federal constitutional law as set forth by the Supreme Court of the United States.

The cases that respondents cite do not help them. In Estelle v. McGuire, 502 U.S. 62 (1991), and Middleton v. Cupp, 768 F.2d 1083 (9th Cir. 1985), the issues were the admission of evidence. The courts in both cases held that the evidentiary issues were matters of state law that do not implicate the Constitution. In contrast, Chrisman is not arguing that a certain piece of evidence should not have been admitted. He is arguing that the evidence that was admitted was insufficient to prove an element of the offense of driving under the influence. This argument clearly is an issue of federal constitutional law.

Bradshaw v. Richey, 546 U.S. 74 (2005), did involve a claim of insufficient evidence, but it still is inapposite. Richey set fire to an apartment intending to kill his ex-girlfriend and her current boyfriend, who were in the apartment beneath the apartment he ignited. They survived, but a two-year-old girl in the apartment he ignited perished. Richey was convicted in Ohio state court of aggravated felony murder on a theory of transferred intent. Id. at 74-75. The Sixth Circuit held that the evidence was insufficient to find Richey guilty because under Ohio law the doctrine of transferred intent was inapplicable to aggravated felony murder. Id. at 75. However, in its review of Richey's case, the Ohio Supreme Court noted in dictum—the sufficiency issue before that court was the setting of the fire—that Ohio law allows for transferred intent. Id. at 76. The Court also held that—assuming the Sixth Circuit's interpretations were correct—there was no unforeseen surprise to Richey because the doctrine of transferred intent was firmly rooted in Ohio law. Id. at 76-77. The Court also held that a subsequent version of the statute allowed for transferred intent. Id. at 77-78. Finally, the Court rejected a dictum by the Sixth Circuit that a 1992 Ohio appellate court decision rejected transferred intent, because that Ohio appellate decision occurred long after the 1986 offense in Richey's case. Id. at 78.

Richey reaffirmed Jackson's holding that a constitutional claim of sufficiency of the evidence must refer to the state-law elements of the crime. The error of the Sixth Circuit in Richey was that it "disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law." 546 U.S. at 78. The Court did not hold that the Sixth Circuit erred in considering the claim at all because the Ohio Supreme Court had interpreted Ohio law. Richey's claim failed not because he alleged a violation of state law. It was because, under the elements of the offense as defined by state law, the evidence was sufficient to prove intent to kill his ex-girlfriend and her current boyfriend, and the state doctrine of transferred intent then was sufficient to prove aggravated felony murder of the 2-year-old girl.

Chrisman, likewise, is not alleging a violation of state law. He is alleging as a federal constitutional matter that the evidence presented at trial was insufficient to prove one of the elements as defined by state law. Richey thus does not support respondents' argument that Chrisman is presenting only a claim of a violation of state law.

The other decisions that respondents cite are useful in this action only for the proposition that errors of state law are not addressable in federal habeas corpus.  Otherwise, the facts and issues in those decisions are inapposite to this action.  See Swarthout v. Cooke, 562 U.S. 216 (2011), Pulley v. Harris, 465 U.S. 37 (1984), Beck v. Washington, 369 U.S. 541 (1962), Langford v. Day, 110 F.3d 1380 (9th Cir. 1996), Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995), Hughes v. Heinze, 268 F.2d 864 (9th Cir. 1959).

Ground 1 presents a claim of a violation of the Constitution of the United States. Respondents will need to answer it on the merits.

IT THEREFORE IS ORDERED that respondents motion to dismiss (ECF No. 15) is **DENIED**.

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED:  September 8, 2020

_____
KENT J. DAWSON
United States District Judge